IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| OLOTIN ALFRED ALATAN | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv117 |
| UNITED STATES, ET AL. | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Olotin Alfred Alatan, an inmate at the SPC Beaumont Camp located in Beaumont, Texas, proceeding *pro se*, filed this civil rights lawsuit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

On October 11, 2022, in the United States District Court for the Southern District of Texas, plaintiff was convicted of one count of conspiracy to commit healthcare fraud, eight counts of aiding and abetting healthcare fraud, and one count of engaging in monetary transactions in property derived from specified unlawful activity. *See United States v. Alatan*, No. 22-20464, 2023 WL 7549503 (5th Cir. Nov. 13, 2023). Plaintiff now brings claims complaining of a host of alleged constitutional violations concerning his arrest and conviction.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

Plaintiff does not assert jurisdiction is based on diversity of citizenship. When jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. The incidents which form the basis of plaintiff's complaint occurred in the Southern District of Texas. Further, the defendants all appear to be employed in Harris County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Harris County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). In accordance with 28 U.S.C. § 124, Harris County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, Houston Division.

As Harris County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 1st day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge