United States District Court
Southern District of Texas
**ENTERED**
May 24, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| OLOTIN ALFRED ALATAN, BOP # 99813-479 | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-1509 |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Olotin Alfred Alatan (BOP # 99813-479), has filed a 68-page typewritten complaint asserting various claims, including unlawful search and seizure, malicious prosecution, and unlawful sentence, in connection with his criminal prosecution. The complaint is not on a court-approved form. Because Alatan sues the United States for the alleged violation of his constitutional rights, the complaint is construed to arise—at least in part—under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Alatan represents himself and has been granted leave to proceed without prepaying the filing fee.

After screening the pleadings under 28 U.S.C. § 1915, the court concludes that this case must be dismissed. The reasons are set out below.

**I. Background**

Alatan is currently incarcerated by the Bureau of Prisons at the low-security Federal Correctional Institution in Beaumont. The defendants named in the complaint are the United States

[1] The title a prisoner gives to self-represented pleadings is not controlling; rather, courts look at the content of the pleading. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983).

of America; Gus Saper, Alatan's court-appointed attorney in his criminal case; and Lourdes Rodriguez, Alatan's court-appointed appellate attorney in his criminal appeal.

Public records reflect that on April 6, 2022, a 16-count superseding indictment was filed in the Southern District of Texas, Houston Division, charging Alatan with: (1) conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349 (Count 1); (2) healthcare fraud in violation of 18 U.S.C. § 1347 (Counts 2-15); and (3) engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 (Count 16). (*See United States v. Olotin Alfred Alatan*, Case No. 4:19-cr-633-1, Docket Entry No. 119 (S.D. Tex., Houston Div.) (J. Lake)). Following a jury trial, Alatan was found guilty of one count of conspiracy to commit healthcare fraud (Count 1), eight counts of aiding and abetting healthcare fraud (Counts 2-9), and one count of engaging in monetary transaction in property derived from unspecified unlawful activity (Count 16). (*See id.* at Docket Entry No. 154). Alatan was sentenced to 120 months in prison as to each count of conviction, to be served concurrently. (*See id.* at Docket Entry Nos. 241, 250, 283). The Fifth Circuit affirmed Alatan's sentence on November 13, 2023. (*See id.* at Docket Entry Nos. 363, 364). Alatan has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which is currently pending before the sentencing court.[2] (*See id.* at Docket Entry No. 373).

Although the complaint is difficult to parse, it appears that Alatan asserts claims against the United States for falsification of evidence, unlawful search and seizure, malicious prosecution, "unlawful sentence," "conspiracy to conceal and suppress evidence," "conspiracy to commit fraud on court," "conspiracy to obstruct justice," and "legal fraud" in relation to his criminal proceeding.

[2] The court observes that the § 2255 motion filed by Alatan in his criminal case is identical to the complaint filed in this case, except that the relief Alatan seeks in the § 2255 case is for his conviction to be vacated, while the relief he seeks in the instant case is monetary damages in the amount of $135 million.

In short, Alatan alleges that an unlawful search and seizure of his health services company by the Federal Bureau of Investigation led to the illegal prosecution that resulted in his conviction and imprisonment.

Purporting to sue Mr. Saper and Ms. Rodriguez under 42 U.S.C. § 1983, Alatan claims that these attorneys provided ineffective assistance of counsel. (Docket Entry No. 1 at 24, 33). He asserts that Mr. Saper conspired to commit fraud on the court and committed obstruction of justice. (*Id.* at 24–26). Alatan alleges that Ms. Rodriguez did not consult with him about filing an appellate brief and did not present a specific issue for review on appeal. (*Id.* at 33–36).

Alatan seeks $135 million in damages. (*Id.* at 65).

## II. The Standard of Review

Because Alatan is a prisoner who has been granted leave to proceed without prepaying the filing fee, the Prison Litigation Reform Act requires the court to scrutinize the pleadings. The court must dismiss the case at any time, in whole or in part, if it determines that the action is frivolous or fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "if it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b) for failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019); *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). In deciding whether a plaintiff's claim must be dismissed, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F.3d at 407 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the court is mindful that Alatan represents himself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, a self-represented plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stald*er, 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. Discussion

### A. The Claims Against the United States

Alatan seeks monetary damages from the United States for alleged improprieties committed by the FBI and the federal prosecutor in his criminal case, improprieties that Alatan claims resulted in his arrest, conviction, and imprisonment. (*See* Docket Entry No. 1).

Alatan cannot succeed on his claims against the United States because "[the Fifth Circuit] has long recognized that suits against the United States brought under the civil rights statutes are

barred by sovereign immunity." *Affiliated Prof. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (citing *Unimex, Inc. v. U.S. Dep't of Hous. & Urban Devel.*, 594 F.2d 1060, 1061 (5th Cir. 1979)).

To the extent that Alatan's complaint can be read to assert claims against individual federal actors for alleged wrongful conviction and imprisonment,[3] it is well established to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil-rights plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* at 487. If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* The Fifth Circuit has held that *Heck* applies to claims such as those lodged by Alatan brought under *Bivens*, which necessarily implicate the validity of his conviction. *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (holding that *Heck* applies to *Bivens* actions just as it does to § 1983 actions); *see also Danmola v. United States*, 736 F. App'x 514, 514–15 (5th Cir. 2018) (per curiam) (same); *Ortiz-Lopez v. Fed. Bur. of Prisons, Dir.*, 830 F. App'x 127, 133 (5th Cir. 2020) (same).

---

[3] "*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides a cause of action only against government officers in their individual capacities." *Affiliated Prof. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). "A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials." *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Alatan does not claim that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. In fact, court records confirm that Alatan's challenges to his convictions and sentence have thus far been unsuccessful. (*See United States v. Olotin Alfred Alatan*, Case No. 4:19-cr-633-1 (S.D. Tex., Houston Div.) (J. Lake)). Alatan's claims are therefore barred by *Heck* and must be dismissed at this time.

**B. The Claims Against Defense Counsel**

Alatan has also named his court-appointed defense counsel, Gus Saper, and court-appointed appellate attorney, Lourdes Rodriguez, as defendants.[4] Relying on § 1983, he seeks money damages from both defendants for their alleged ineffective assistance during his criminal prosecution, trial, and appeal. (Docket Entry No. 1 at 24–25) (asserting that Saper and Rodriguez violated his rights under § 1983).

Alatan's claims against Saper and Rodriguez must be dismissed because "[a]ttorneys do not perform a function that is traditionally the exclusive providence of the government when they represent an individual in a federal criminal proceeding." *Solesbee v. Nation*, No. 06-CV-333, 2008 WL 244343, at *10 (N.D. Tex. Jan. 29, 2008). "[A]n attorney appointed to represent an indigent defendant is not subject to suit under § 1983 or *Bivens*." *McLeod v. Knowles*, 189 F. App'x 297, 297 (5th Cir. 2006) (per curiam) (citations omitted); *see also Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys,

[4] *See United States v. Olotin Alfred Alatan*, Case No. 4:19-cr-633-1, Docket Entry No. 11 and Minute Entry for 9/5/2019 (S.D. Tex., Houston Div.) (order appointing Gus Saper as counsel under the Criminal Justice Act); *United States v. Olotin Alfred Alatan*, Appeal No. 22-20464, Docket Entry No. 64 (5th Cir. Dec. 6, 2022) (order appointing Lourdes Rodriguez as appellate counsel under the Criminal Justice Act).

are not official state actors, and generally are not subject to suit under section 1983.") (citations omitted). The claims against Saper and Rodriguez will be dismissed.

## IV. Conclusion

For the reasons stated above, the court orders that Alatan's claims against the United States are dismissed as being barred by sovereign immunity. To the extent Alatan's complaint can be construed as asserting *Bivens* claims against individual government officials, these claims are dismissed without prejudice, but with a bar to refiling unless and until the *Heck* conditions are met.[5] Alatan's claims against Gus Saper and Lourdes Rodriguez are dismissed with prejudice. The complaint is dismissed under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk will provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov. Final judgment is entered separately.

SIGNED on May 24, 2024, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

[5] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").